IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRICE M. HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-264-GMS |
| | ) |
| CAPTAIN JOHN PENNINGTON and | ) |
| SGT. CLAYTON PORTER, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM

The plaintiff Brice M. Hall, Jr. ("Hall"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### I.   THE COMPLAINT

Hall names as defendants Captain John Pennington ("Pennington") and Sgt. Clayton Porter ("Porter"). Hall alleges that he was in a holding cell in pretrial detention when Porter placed sentenced inmate Ryan Heeman ("Heeman") into the same cell. Hall alleges Heeman spat upon him and that he reacted. Hall alleges that Porter either forgot that Heeman was a sentenced inmate or that Heeman was placed in the holding cell "since we wear [sic] white." (D.I. 2 at IV.2.) Hall also alleges that Pennington did not discover the mistake or alternatively, that on

February 15, 2006, the correct procedure simply was not followed. Hall alleges that after the incident with Heeman, he was charged [with a crime] and that stopped his release. Finally, Hall alleges that he was assaulted by Corporal Pone ("Pone") and also verbally threatened by him. Pone is not a named defendant.

Hall asks to be reimbursed for the delay in his release, seeks to have the charges against him dropped, and asks that Pone and Heeman be arrested for assault.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.  ANALYSIS

#### A.  Failure to Protect

Construing the complaint liberally, as the court must do, it appears that Hall alleges a failure to protect claim. He alleges that a sentenced inmate was placed in the holding cell, that the inmate spat upon him, and he "reacted" causing him to be charged and delayed in his release.

Because Hall was a pretrial detainee at the time of the incident, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment. The standard is whether the pretrial detainee is adequately protected from punishment prior to adjudication from guilt in accordance with the law, as opposed to protection from punishment for convicted inmates considered cruel and unusual under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Because the due process rights of a pretrial detainee are at least as great as the Eighth Amendment rights of a convicted prisoner, courts analyze a pretrial detainee's claim of failure to protect under the Eighth Amendment "deliberate indifference" standard. *See, e.g., Turner v. Cupp*, 238 F.3d 424, 2000 WL 1141423, at *2 (6th Cir. Aug. 4, 2000) (unpublished decision); *Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999); *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998); *Ervin v. Mangum*, 127 F.3d 1099, 1997 WL 664606, at *4 (4th Cir. Oct. 27, 1997) (unpublished decision).

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must take reasonable measures "to protect prisoners from violence at the hands of other

3

prisoners." *Id.* at 833 (internal quotations omitted). Negligence, or a lack of due care under the circumstances, is insufficient to support a claim that Defendants failed to protect Plaintiff. *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). A plaintiff must show that he is "incarcerated under conditions posing a substantial risk of harm," and that prison officials knew of and disregarded "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 833, 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official or jailor, when faced with the knowledge of a substantial risk of serious harm to a prisoner, must take "reasonable measures to abate it" or his inaction will constitute deliberate indifference to that risk. *Farmer,* 511 U.S. at 847; *see also Griffin v. DeRosam,* 153 Fed.Appx. 851, 2005 WL 2891102 (3d Cir. 2005).

Hall alleges that he was spat upon by Heeman. While, if true, a regrettable occurrence, it cannot be said that this action was one that posed a substantial risk of serious harm to Hall. Nor are there any allegations that the defendants were aware of and disregarded a risk of serious harm to Hall. Hall also seeks recovery from the defendants because he was charged as a result of his "reaction" after being spat upon by Heeman. There are no allegations, however, that the charges were improper or that Hall's rights were violated because of the charge brought against him.

Hall's allegations do not allege a violation of his constitutional rights. Therefore, this complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Respondeat Superior

Pennington is the supervisor of the defendant Porter. It is apparent in reading the

complaint that Halls seeks to hold Pennington liable on the basis of his supervisory position. The allegations are that Pennington "did not find the mistake" that a sentenced inmate was placed in the pretrial detainees' holding cell, and that over the years, and particularly on February 15, 2006, the procedure was not followed. As discussed above, Hall fails to allege a constitutional violation. Even if he had, the claim against Pennington is not viable.

Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Pennington was the "driving force [behind]" the alleged constitutional violation. More so, the complaint does not indicate that Pennington was aware of Hall's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the claim against Pennington is dismissed as it has no arguable basis in law or in fact.

### IV. CONCLUSION

The complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate

order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____, 2006
Wilmington, Delaware



FILED
AUG 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____, 2006
Wilmington, Delaware



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRICE M. HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-264-GMS |
| | ) |
| CAPTAIN JOHN PENNINGTON and | ) |
| SGT. CLAYTON PORTER, | ) |
| | ) |
| Defendants. | ) |

ORDER

At Wilmington this 2nd day of August, 2006, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted. Amendment of the complaint would be futile.



UNITED STATES DISTRICT JUDGE

FILED

AUG 2 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE